Estate of Emilie Weaver, Deceased, Christian Weaver, Administrator, C.T.A. v. Commissioner.
Estate of Emilie Weaver v. Commissioner
Docket No. 35010.
United States Tax Court
1952 Tax Ct. Memo LEXIS 49; 11 T.C.M. (CCH) 1073; T.C.M. (RIA) 52320; October 30, 1952
Bernard D. Atwood, Esq., and Shirley M. Coleman, Esq., for the petitioner. Robert McDonough, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $15,903.29 in estate tax. The only issue for decision is whether a trust created by the decedent twenty-two years before her death was a transfer in contemplation of death within the meaning of section 811 (c). Findings of Fact The decedent, Emilie Weaver, a resident of Brooklyn, New York, died on February 11, 1947. She was born in Denmark on September 5, 1858. The estate tax return was filed with the collector of internal revenue for the First District of New York. The decedent was inexperienced in financial matters. Her *50 husband had handled her property until his death in February 1923. She was left all of his estate worth about $86,000. They had six children at that time and thereafter one of her two sons managed her property. He did not want that responsibility and urged the decedent to transfer her securities in trust with a bank as trustee. The decedent transferred all of her securities to a New Haven bank as trustee on February 24, 1925. The securities were then worth about $156,027.54 and represented substantially all of her assets. The trust provided that all income should be paid monthly to the grantor during her life and she retained the right to approve or disapprove proposed changes in the corpus. Income of the trust after her death was to be paid to her children or their survivors until the death of the last surviving child at which time the corpus was to be distributed to her grandchildren per capita. The trust contained spendthrift provisions in regard to the children and grandchildren. Provisions relating to the children and grandchildren were modeled after similar provisions in the husband's will. The purposes of the transfer in trust were to relieve the son and the decedent of *51 responsibility, to provide proper care for the decedent's estate during her life, to protect the decedent from the importunings of two of her children who were having matrimonial difficulties, and to give those children life estates rather than fees after the death of the donor. The decedent was in excellent health and spirits all during her life and had no thought of impending death in the near future at the time of the transfer in 1925. Her former will was made obsolete by her husband's death and, at her son's suggestion, she made a new will on March 6, 1925, leaving her property equally to her surviving children. Her total assets at the time of her death amounted to less than $3,000. The transfer of February 24, 1925 was not made in contemplation of death. All facts stipulated are incorporated by this reference. Opinion MURDOCK, Judge: It is clear and the respondent apparently concedes that the decedent was in good health and had no thoughts of impending death in the near future when she made the transfer to the trust in 1925. He argues that the main purpose of the transfer was to provide that the daughters would receive a part of the decedent's estate when she died *52 but that none of it would find its way into the hands of her sons-in-law. All six of the children, except the oldest son, were married. Two of the daughters had been having some matrimonial difficulties and their husbands had not always supported them adequately prior to the death of the decedent's husband. That situation continued after his death and the decedent had contributed to the support of one daughter. However, the evidence as a whole does not show that concern about the two sons-in-law was the inducing cause or dominant purpose of the transfer. The decedent did not want to handle her own financial affairs and knew that she was not properly qualified to handle them. She had been relying upon her son after her husband's death, but when he said he would like to be relieved of the responsibility, she then decided to make the transfer in trust so that a bank could take over the management of her finances and pay her during her life the income she wanted for her own purposes. The son also had in mind that his mother might make unwise gifts to her two daughters who were in some difficulty and the trust would put her principal out of reach for any such purpose. The decedent, in providing *53 for the disposition of the trust property after her death, merely followed the example provided by her deceased husband in his will. The will was of no particular significance. The evidence justifies the finding which has been made disposing of the issue in favor of the petitioner. Decision will be entered for the petitioner.